IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-CV-00219-M

JOHN H. PIKE and IMMACOLATA PIKE, )
                                    Plaintiffs, )

v.                                     )               ORDER

WELLS FARGO BANK, N.A s/b/m )
WACHOVIA BANK, N.A., )
                                   Defendant. )

This matter comes before the court on Wells Fargo Bank, N.A's (Wells Fargo's) motion for judgment on the pleadings [DE 41]. After their home flooded in Hurricane Florence, the Pikes alleged that their lender's misidentification of their property led it to misrepresent the property's flood hazard status and their need for flood insurance. The court previously dismissed two claims against Wells Fargo and FUNC Holdings, Inc. (FUNC) but allowed the negligent misrepresentation claim against Wells Fargo to proceed. *See* DE 38 at 13. After answering the Pikes' complaint, DE 39, Wells Fargo now argues that the surviving claim should also be dismissed, *see* DE 42. The court finds that dismissal based on the statute of limitations would be premature, but Wells Fargo shows that the Pikes do not adequately allege the justified reliance necessary to state a claim. The court thus grants Wells Fargo's motion and dismisses the Pikes' negligent misrepresentation claim without prejudice.

I.     **Background**

The court's prior order sets out this case's background in detail. Here, the court recounts points pertinent only to the Pikes' negligent misrepresentation claim. For Wells Fargo's Rule 12(c) motion, the court considers and accepts as true the factual allegations in the Pikes' complaint

as well as those in Wells Fargo's answer that do not contradict the complaint. *See Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011).

## A. Factual Background

In 2005, the Pikes financed the construction of a new home in Hampstead, North Carolina. *See* DE 1-1 ¶¶ 6–7. In November 2007, the Pikes closed on a second mortgage with Wells Fargo's predecessor-by-merger Wachovia Bank, N.A.[1] *See* DE 1-1 ¶ 8; DE 39 ¶ 8. Wells Fargo represented to the Pikes that it would obtain an accurate Special Flood Hazard Determination (SFHD) for their property as part of the closing process, DE 1-1 ¶ 10, but misidentified the Pikes' lot in the mortgage documents, *see* DE 1-1 ¶ 13.

At or around closing, Wells Fargo represented to the Pikes that their property was not in a Special Flood Hazard Area (SFHA).[2] *See* DE 1-1 ¶ 11. At some point, Wells Fargo received an SFHD from FUNC's predecessor-by-merger Wachovia Settlement Services, LLC stating that the Pikes' property was in a "low risk zone." *See* DE 1-1 ¶ 19; DE 39 ¶ 19; *see also* DE 39 ¶ 30 (explaining what "flood zone 'X'" signifies). Wells Fargo did not, however, produce an SFHD at closing. DE 1-1 ¶ 11. Wells Fargo did not require that the Pikes maintain flood insurance as a condition of their loan, DE 1-1 ¶ 11, and neither the Pikes nor Wells Fargo obtained such coverage on the property, *see* DE 1-1 ¶ 14; DE 39 ¶ 30.

In September 2018, the Pikes' home flooded during Hurricane Florence, resulting in "a complete loss." DE 1-1 ¶ 15. The Pikes then contacted the Federal Emergency Management Administration (FEMA) and Pender County officials. DE 1-1 ¶ 16. FEMA makes SFHA maps

---

[1] For clarity, the court refers to this defendant as "Wells Fargo."

[2] Applicable federal regulations define a Special Flood Hazard Area or "[a]rea of special flood hazard" as "the land in the flood plain within a community subject to a 1 percent or greater chance of flooding in any given year." *See* 44 C.F.R. § 59.1.

publicly available. *See* DE 39 ¶ 12. The Pikes learned from these inquiries that their property was in an SFHA at all times before Hurricane Florence. *See* DE 1-1 ¶ 16.

### B. Procedural Background

In October 2020, the Pikes sued Wells Fargo and FUNC (together, Defendants) in Pender County Superior Court alleging three claims under North Carolina law. DE 1-1. Defendants timely removed this case, DE 1, and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), DE 13. The Pikes responded in opposition, DE 24, and Defendants replied, DE 30.

The court dismissed two of the Pikes' three claims. *See* DE 38 at 13. The court held that the Pikes' negligence claim was time-barred, *see* DE 38 at 5–6, and that they failed to adequately allege their unfair or deceptive trade practices claim, *see* DE 38 at 12. Only the Pikes' negligent misrepresentation claim survived. *See* DE 38 at 13. The court assumed that the alleged dealings gave rise to a legal duty, *see* DE 38 at 8 (citing DE 1-1 ¶¶ 10–12), and determined that the Pikes adequately alleged justified reliance, *see* DE 38 at 9. The court noted, however, that the applicable statute of limitations might also bar this claim. *See* DE 38 at 9 n.4.

Following the court's order, Wells Fargo answered the Pikes' complaint, DE 39, and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), DE 41. The Pikes responded in opposition, DE 47, and Wells Fargo replied, DE 48.

### II. Legal Standards

A defendant can raise as a defense the plaintiff's failure to state a claim "by motion under Rule 12(c)." *See* Fed. R Civ. P. 12(h)(2)(B). This motion may be made "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A party can move for judgment on the pleadings under Rule 12(c) after having previously moved for dismissal under Rule 12(b)(6). *See Taylor v. Bettis*, 976 F. Supp. 2d 721, 734 n.5 (E.D.N.C. 2013), *aff'd*, 693 F. App'x

190 (4th Cir. 2017). The court evaluates both motions under the same standards. *See Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).

The question remains whether the plaintiff's well-pleaded factual allegations, accepted as true, "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly's* plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level." *Id.* at 555. In other words, a speculative claim resting on conclusory allegations without sufficient factual enhancement will not survive the challenge. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). At the Rule 12(c) stage, the court considers the factual allegations in the complaint as well as those in the answer that do not contradict the complaint. *See Alexander*, 801 F. Supp. 2d at 433. But factual contentions presented only in briefing will not be considered. *See Bush v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 124 F. Supp. 3d 642, 654 (E.D.N.C. 2015).

## III. Discussion

The Pikes seek recovery for an erroneous flood hazard determination. Put simply, they allege that their lender misidentified their property and, as a result, misstated their flood zone status. The Pikes contend that, had their lender properly required that they obtain flood insurance, the damage done to their home by Hurricane Florence would not have resulted in the same financial hardships. The court previously determined that the Pikes could pursue relief for this alleged wrong under their negligent misrepresentation claim. *See* DE 38 at 13.

Wells Fargo now advances two arguments why this claim should not proceed as pleaded: (1) it is barred by the applicable statute of limitations and (2) the Pikes do not adequately allege the justified reliance it requires. DE 42 at 6. In response, the Pikes suggest that Wells Fargo's motion was improperly filed. *See* DE 47 at 5 (contending that the pleadings have not closed). As to Wells Fargo's arguments, the Pikes maintain that they timely brought their claim under the

applicable accrual rule, *see* DE 47 at 5–6, and that they could not—or should not have to—investigate the alleged misrepresentation, *see* DE 47 at 7–9. The court addresses the propriety of Wells Fargo's motion before turning to the substantive disputes about the Pikes' pleading.

### A. Wells Fargo's Rule 12(c) Motion is Procedurally Proper

The Federal Rules of Civil Procedure allow Wells Fargo to move for judgment on the pleadings after moving to dismiss the complaint under Rule 12(b)(6). *See Taylor*, 976 F. Supp. 2d at 734 n.5. The Honorable Judge Thapar identifies some situations when courts should consider granting a Rule 12(c) motion that raises another round of arguments for dismissal, including when:

> (1) the court's decision denying the motion to dismiss raises new or unexpected issues; (2) the defendant produces legal authority and/or evidence in response to the court's decision; (3) the plaintiff's claim must fail as a matter of law and cannot be saved with any amount of discovery, and (4) dismissing the claim will save the parties' and the court's resources.

*See Estep v. City of Somerset, Ky.*, No. CIV.A. 10-286-ART, 2011 WL 845847, at *2 (E.D. Ky. Mar. 8, 2011). This case presents such circumstances. The court's prior order inferred an allegation about the Pikes' reliance not expressly presented in their complaint, *see* DE 38 at 9, and noted a potential issue about the statute of limitations, *see* DE 38 at 9 n.4. In response, Wells Fargo produced legal authorities and arguments showing that the Pikes' claim fails as a matter of law for lack of justified reliance.

Wells Fargo properly put these arguments before the court by moving for judgment on the pleadings after answering the complaint. *See* Fed. R. Civ. P. 12(c). The Pikes contend that the pleadings remain open because FUNC has not filed a separate answer. *See* DE 47 at 5. FUNC maintains that it need not do so because both claims against it have been dismissed. *See* DE 39 at 1 n.1. Still, FUNC adopts Wells Fargo's answer "as if it were its own" if a response is required. *See id.* Determining FUNC's party status requires parsing the Pikes' pleading as to the remaining negligent misrepresentation claim. After doing so, the court agrees that the Pikes do not plead a

5

negligent misrepresentation claim against FUNC and that FUNC is no longer a party. That issue is ultimately immaterial, though, as FUNC adopts Wells Fargo's answer and the court finds that the Pikes' claim cannot proceed as pleaded.

FUNC need not answer the complaint because it is no longer a party to the case. *See Melvin v. Soc. Sec. Admin.*, No. 5:09-CV-235-FL, 2010 WL 1979880, at *8 n.6 (E.D.N.C. May 13, 2010) (requiring no answer from a defendant against whom all claims had been dismissed because it was "no longer a party to this action"). The Pikes alleged that both Wells Fargo and FUNC acted negligently, *see* DE 1-1 ¶¶ 23–27 (referring in Count I to "the negligence of both 'Wells Fargo' and [FUNC]"), and engaged in unfair or deceptive trade practices, DE 1-1 ¶¶ 35–38 (referring in Count III to failures by "both defendants, 'Wells Fargo' and [FUNC]" and damages caused by "both defendant's 'Deceptive Acts'"). The court's prior order dismissed these claims. *See* DE 38 at 13.

In contrast, the count alleging negligent misrepresentation appears to make that surviving claim against Wells Fargo alone. That second count rests on allegations that Wells Fargo had to determine and convey the Pikes' property's flood zone status, DE 1-1 ¶ 29, that Wells Fargo misrepresented that status, DE 1-1 ¶ 30, that Wells Fargo did so based on its negligent misidentification of the Pikes' lot, DE 1-1 ¶¶ 30–31, and that this violated Wells Fargo's statutory duty to the Pikes, DE 1-1 ¶ 34. Based on these allegations, the Pikes contend that they should recover the resulting damages from Wells Fargo and that Wells Fargo's lien on their property should be cancelled. *See* DE 1-1 ¶¶ 32–33. Unlike the negligence and unfair or deceptive trade practices counts, the negligent misrepresentation count contains no reference to FUNC except through an incorporation clause. *See* DE 1-1 ¶ 28 (incorporating all previous paragraphs, including not only the "Relevant Factual Background" but also the contentions in "Count I Negligence").

This practice of rolling all preceding paragraphs into each successive count often vexes courts and litigants, *see, e.g., Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:19-CV-00894, 2021 WL 1320714, at *6 (S.D.W. Va. Apr. 8, 2021) (collecting cases), and can present particular difficulties when employed in a complaint bringing multiple claims against multiple defendants, *see Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (recognizing that such pleadings can fail to "specify[] which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). Still, at least one court has read a similarly pleaded complaint to contain claims only against the defendant referenced in the counts at issue. *See Constr. Eng'g Consultants, Inc. v. Steel Sols., Inc.*, No. 4:08CV86, 2009 WL 10733733, at *14–15 (E.D. Va. May 13, 2009) (rejecting the argument that the incorporation of all previous paragraphs caused counts three and four to state claims against both defendants rather than the single defendant from whom the plaintiff sought damages for those torts). The court reaches the same conclusion about the Pikes' negligent misrepresentation claim.

That said, the Rule 12(c) motion would be timely even if the court could craft a negligent misrepresentation claim against FUNC from other portions of the Pikes' pleading. *See generally Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring) (explaining why such efforts could cast doubt on the court's impartiality). FUNC adopts Wells Fargo's answer, *see* DE 39 at 1 n.1, so that pleading would then be considered Defendants' joint answer. Either way, the pleadings closed when that answer was filed. *See Burbach Broad. Co. of Delaware*, 278 F.3d at 405.

**B. Dismissal on Statute-of-Limitations Grounds Would Be Premature at this Stage**

The court previously noted that the statute of limitations might bar the Pikes' negligent misrepresentation claim. *See* DE 38 at 9 n.4. Both parties agree that a three-year statute of limitations applies under N.C. Gen. Stat. § 1-52, but the parties dispute when that period began to run. Both Wells Fargo and the Pikes argue that decisions by the North Carolina Court of Appeals

7

This practice of rolling all preceding paragraphs into each successive count often vexes courts and litigants, *see, e.g., Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:19-CV-00894, 2021 WL 1320714, at *6 (S.D.W. Va. Apr. 8, 2021) (collecting cases), and can present particular difficulties when employed in a complaint bringing multiple claims against multiple defendants, *see Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (recognizing that such pleadings can fail to "specify[] which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). Still, at least one court has read a similarly pleaded complaint to contain claims only against the defendant referenced in the counts at issue. *See Constr. Eng'g Consultants, Inc. v. Steel Sols., Inc.*, No. 4:08CV86, 2009 WL 10733733, at *14–15 (E.D. Va. May 13, 2009) (rejecting the argument that the incorporation of all previous paragraphs caused counts three and four to state claims against both defendants rather than the single defendant from whom the plaintiff sought damages for those torts). The court reaches the same conclusion about the Pikes' negligent misrepresentation claim.

That said, the Rule 12(c) motion would be timely even if the court could craft a negligent misrepresentation claim against FUNC from other portions of the Pikes' pleading. *See generally Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring) (explaining why such efforts could cast doubt on the court's impartiality). FUNC adopts Wells Fargo's answer, *see* DE 39 at 1 n.1, so that pleading would then be considered Defendants' joint answer. Either way, the pleadings closed when that answer was filed. *See Burbach Broad. Co. of Delaware*, 278 F.3d at 405.

**B. Dismissal on Statute-of-Limitations Grounds Would Be Premature at this Stage**

The court previously noted that the statute of limitations might bar the Pikes' negligent misrepresentation claim. *See* DE 38 at 9 n.4. Both parties agree that a three-year statute of limitations applies under N.C. Gen. Stat. § 1-52, but the parties dispute when that period began to run. Both Wells Fargo and the Pikes argue that decisions by the North Carolina Court of Appeals

support their positions. *Compare* DE 42 at 7–8 (citing *Carlisle v. Keith*, 169 N.C. App. 674, 684, 614 S.E.2d 542, 549 (2005)) (arguing that the claim accrued in 2007 and that the statute of limitations expired in 2010), *with* DE 47 at 5–6 (citing *Guyton v. FM Lending Services*, 199 N.C. App. 30, 35, 681 S.E.2d 465, 470–71 (2009)) (arguing that they timely asserted this claim in October 2020 because it did not accrue until September 2018). The court determines that the Pikes' citation presents the applicable accrual rule and holds that the allegations pleaded do not demand dismissal on statute-of-limitations grounds.

The Supreme Court of North Carolina holds that "a claim for negligent misrepresentation 'does not accrue until two events occur: first, the claimant suffers harm because of the misrepresentation, and second, the claimant discovers the misrepresentation.'" *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997) (quoting *Jefferson–Pilot Life Ins. Co. v. Spencer*, 336 N.C. 49, 57, 442 S.E.2d 316, 320 (1994)) (applying the three-year statute of limitations set in N.C. Gen. Stat. § 1-52(5)). The North Carolina Court of Appeals applied this two-pronged accrual rule in *Guyton*. *See* 199 N.C. App. at 35, 681 S.E.2d at 470–71 (quoting *Barger*, 346 N.C. at 666, 488 S.E.2d at 224). Several subsequent decisions have done the same. *See, e.g.*, *Duke Energy Carolinas, LLC v. Bruton Cable Serv., Inc.*, 233 N.C. App. 468, 474, 756 S.E.2d 863, 867 (2014); *Trantham v. Michael L. Martin, Inc.*, 228 N.C. App. 118, 126, 745 S.E.2d 327, 334 (2013); *Humana, Inc. v. Ameritox, LLC*, 267 F. Supp. 3d 669, 676 (M.D.N.C. 2017); *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 203 F. Supp. 3d 608, 614 (M.D.N.C. 2016).

The *Carlisle* decision cited in Wells Fargo's briefing and the court's prior order cannot supply a different rule. *Carlisle* set out a less specific statement about the statute of limitations applicable to negligent misrepresentation claims. *See* 169 N.C. App. at 684, 614 S.E.2d at 549 (quoting *Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985)) ("Unlike a claim for fraud, a

claim for negligent misrepresentation, where it exists, 'accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suit arises.'"). While the North Carolina Court of Appeals decided *Guyton* after *Carlisle*, the *Guyton* panel was bound to follow the Supreme Court of North Carolina's two-pronged accrual rule from *Barger*. *See State v. Mostafavi*, 253 N.C. App. 803, 809, 802 S.E.2d 508, 513, *rev'd on other grounds*, 370 N.C. 681, 811 S.E.2d 138 (2018) (explaining how to resolve discrepancies between earlier opinions by the North Carolina Court of Appeals and those of the Supreme Court of North Carolina). Under *Barger's* rule, the question becomes whether the Pikes brought this claim within three years of discovering and suffering harm from Wells Fargo's alleged misrepresentation about their property's flood zone status. *See* 346 N.C. at 666, 488 S.E.2d at 224.

The allegations pleaded by the parties do not demand dismissal on this ground. Courts dispose of cases on statute-of-limitation grounds at the Rule 12(c) stage when the pleadings allege facts sufficient to make such a ruling. *See Rouse v. Duke Univ.*, 869 F. Supp. 2d 674, 678 (M.D.N.C. 2012) (citing *West v. ITT Cont'l Baking Co.*, 683 F.2d 845, 846 (4th Cir. 1982)). The Pikes brought suit in October 2020. *See* DE 1-1. While Wells Fargo allegedly misstated the flood zone status of the Pikes' property in November 2007, *see* DE 1-1 ¶¶ 9, 11, the Pikes' pleadings tend to show that they first discovered this alleged misrepresentation after their home flooded in September 2018, *see* DE 1-1 ¶¶ 15–16. Looking only to these pleadings, the court cannot say that the statute of limitations bars the Pikes' negligent misrepresentation claim. That said, the claim still may not proceed as pleaded because of the independent inadequacy addressed below.

### C. The Pikes Do Not Adequately Allege Justified Reliance

The court reconsiders its prior conclusion that the Pikes' complaint adequately alleges the justified reliance necessary to state a negligent misrepresentation claim. *See Plotkin v. Lehman*, 178 F.3d 1285 (4th Cir. 1999) (per curiam) (quoting *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42

9

(1st Cir. 1994)) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."). "The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Cummings v. Carroll*, 379 N.C. 347, 366, 866 S.E.2d 675, 690 (2021). For this motion, the court determines that the Pikes adequately allege that they detrimentally relied on Wells Fargo's misstatements about their property's flood zone status, *see* DE 1-1 ¶ 33, and that those statements were conveyed without reasonable care, *see* DE 1-1 ¶¶ 30–31. The dispute here turns on whether that reliance was *justified* and how Wells Fargo's knowledge and obligations bear on that question. *Compare* DE 42 at 8–14, *with* DE 47 at 7–9.

The Pikes "cannot establish justified reliance on an alleged misrepresentation if [they] fail[] to make reasonable inquiry regarding the alleged statement." *See Cummings*, 379 N.C. at 366, 866 S.E.2d at 690. Decisions by the Supreme Court of North Carolina explaining the justified reliance requirement hold that "[r]eliance is not reasonable if a plaintiff fails to make any independent investigation or fails to demonstrate that he was prevented from doing so." *See Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 449, 781 S.E.2d 1, 8 (2015) (quoting *Dallaire v. Bank of Am., N.A.*, 367 N.C. 363, 369–70, 760 S.E.2d 263, 267–68 (2014) (internal citations and quotation marks omitted). Under this rule, North Carolina courts have consistently decided negligent misrepresentation claims against borrowers who fail to make either of these showings. *See, e.g.*, *Arnesen*, 368 N.C. at 451, 781 S.E.2d at 9 (affirming dismissal because the "plaintiffs have not alleged that they inquired, or were prevented from inquiring, about the appraisal information, and thus they have not established justifiable reliance"); *Dallaire*, 367 N.C. at 370, 760 S.E.2d at 268 (concluding that, because the borrowers "put forth no evidence that

they made inquiry [into the lien's priority] or were prevented from doing so, they have failed to demonstrate the justified reliance necessary to support their negligent misrepresentation claim"); *Cordaro v. Harrington Bank, FSB*, 260 N.C. App. 26, 36–37, 817 S.E.2d 247, 255 (2018) (affirming dismissal of a negligent misrepresentation claim because, "in order to demonstrate justifiable reliance[,] Cordaro was required to allege either that he undertook his own independent inquiry regarding the validity of the Construction Appraisal or that he was somehow prevented from doing so"); *Fazzari v. Infinity Partners*, LLC, 235 N.C. App. 233, 241, 762 S.E.2d 237, 242 (2014) (affirming a grant of summary judgment on the borrowers' negligent misrepresentation claim because they "forecast no evidence that they undertook their own independent inquiries into the values of the lots[,] such as obtaining their own independent appraisals[,] or were prevented from doing so"). The Pikes' complaint must adequately allege at least one of the showings the North Carolina courts required of these borrowers.

The Pikes' negligent misrepresentation claim fails as a matter of law under these requirements. While justified reliance "is generally a fact question for the jury," a court can decide this issue when "the facts are so clear as to permit only one conclusion." *See Cummings*, 379 N.C. at 366, 866 S.E.2d at 690. The Pikes' allegations permit only the conclusion that they relied on Wells Fargo's alleged misstatement without attempting to undertake their own inquiry.

The Pikes' complaint includes no allegations that they independently investigated their property's flood zone status before their home was damaged by Hurricane Florence. *See* DE 1-1 ¶¶ 16–17 (alleging that they made these inquiries only after that storm). They allege that Wells Fargo did not produce an SFHD, DE 1-1 ¶11, but do not allege that they requested supporting documentation at closing, otherwise inquired into Wells Fargo's representation, or requested time to make such inquiries, *see Dallaire*, 367 N.C. at 369–70, 760 S.E.2d at 268 (noting that the

borrowers did not make pertinent inquiries into the loan officer's alleged misrepresentations or seek outside advice until after they suffered harm). Instead, the Pikes contend that they need not independently investigate their property's flood zone status, *see* DE 47 at 8–9 (emphasizing Wells Fargo's obligations and supposedly superior knowledge), or that they were denied the opportunity to do so, *see* DE 47 at 7–8 (noting that they were not provided with an SFHD and contending that any such investigation would interfere with the closing process).

The Pikes' complaint also includes no allegations suggesting that they were prevented from independently investigating their property's flood zone status. While Wells Fargo did not provide an SFHD at closing, *see* DE 1-1 ¶ 11, the relevant SFHA maps were at all times publicly available, *see* DE 39 ¶ 12. Indeed, the Pikes later consulted FEMA and Pender County officials from whom they learned their property's true flood zone status. *See* DE 1-1 ¶ 16; *cf. Songwooyarn Trading Co. v. Sox Eleven, Inc.*, 213 N.C. App. 49, 55, 714 S.E.2d 162, 166–67 (2011) (affirming judgment for the plaintiff on a negligent misrepresentation claim because the evidence that the defendant was the only individual with the relevant information with whom the plaintiff could communicate permitted a finding of justified reliance). Like the borrowers' evidence in *Dallaire*, the Pikes' complaint does not suggest that Wells Fargo denied them the opportunity to conduct their own inquiries or seek outside advice before closing. *See* 367 N.C. at 370, 760 S.E.2d at 268 (finding no basis for concluding that the lender denied the borrowers the opportunity to investigate the loan officer's representations about the new loan's lien status before closing). If the Pikes believe their reliance was justified because they could not investigate their property's flood zone status, *see* DE 47 at 7, they must place this allegation in their complaint, *see Bush,* 124 F. Supp. 3d at 654, with adequate factual enhancement, *see Iqbal*, 556 U.S. at 678–79.

The lack of either required showing leaves only the Pikes' argument that Wells Fargo's supposedly superior knowledge and obligations under the National Flood Insurance Act (NFIA) rendered their reliance justifiable. The court previously reframed allegations supporting this argument as "effectively [alleging] that the Pikes were denied the opportunity to [independently investigate the flood zone status of their home]." *See* DE 38 at 9. That inference rested on Wells Fargo's promise to obtain an accurate SFHD as it was required to do under the NFIA. *See* DE 38 at 9 (citing DE 1-1 ¶ 12). Wells Fargo's briefing convinces the court that the gap in the Pikes' pleading cannot be filled with such an inference or excused by an exception to the Supreme Court of North Carolina's justified reliance requirements.

The Pikes cannot rely on allegations about Wells Fargo's superior knowledge to avoid establishing justified reliance. *See* DE 42 at 10–11. The Pikes suggest *Walker v. Town of Stoneville* "omit[s] a requirement for justifiable reliance because of all defendants' superior knowledge," *see* DE 47 at 8 (citing 211 N.C. App. 24, 34, 712 S.E.2d 239, 246 (2011)), but the North Carolina Court of Appeals has rejected similar *Walker*-based arguments, *see Rountree v. Chowan Cty.*, 252 N.C. App. 155, 162–64, 796 S.E.2d 827, 832–33 (2017). The earlier *Walker* decision refused to require that an employee "make a separate inquiry into" his employer's alleged misstatements about retirement benefits when the parties were "not on equal footing" and the employee had no reason to doubt his employer's answers to his questions. *See* 211 N.C. App. 24, 35–36, 712 S.E.2d 239, 246–47 (2011) (emphasizing the employer's superior knowledge of the relevant rules and superior access to the relevant information). In *Rountree*, the North Carolina Court of Appeals revisited *Walker* under the Supreme Court of North Carolina's decisions in *Dallaire* and *Arnesen*. *See* 252 N.C. App. at 163, 796 S.E.2d at 833. The plaintiff in *Rountree* argued that he had "no obligation to undertake his own investigation into the accuracy of the

13

defendant's representations" under *Walker*, but the panel concluded that *Walker* showed only that the evidence presented there "was sufficient to show that [Walker] could not have learned the true facts by exercise of reasonable diligence." *See* 252 N.C. App. at 162, 796 S.E.2d at 832–33 (quoting *Walker*, 211 N.C. App. at 34–35, 712 S.E.2d at 246–47) (noting that *Walker* did not reach what the employee was "*required* to show"). Like the SFHA maps here, the relevant information in *Rountree* was "publicly available and readily accessible." *See* 252 N.C. App. at 162, 796 S.E.2d at 832. Citing the "reasonable inquiry" *Dallaire* and *Arnesen* demanded, *Rountree* held that the plaintiff must "show more to establish justifiable reliance." *See* 252 N.C. App. at 162–63, 796 S.E.2d at 832–33 (noting the absence of evidence showing that he investigated the defendant's representation, was denied the opportunity to do so by the defendant, or could not have discovered the true facts).

The NFIA does not create any right or duty that relieves the Pikes of these justified reliance requirements. Congress passed the NFIA to increase access to flood insurance and protect the federal government and lenders from losses on underinsured collateral. *See Guyton*, 199 N.C. App. at 37, 681 S.E.2d at 471–72. Under the NFIA, lenders must obtain and disclose flood zone status determinations when making home loans, *see* 42 U.S.C. § 4104a(a)(1), but borrowers have no express or implied rights of action for violations of these requirements, *see Guyton*, 199 N.C. App. at 38, 681 S.E.2d at 472 (citing *Arvai v. First Fed. Sav. & Loan Ass'n*, 698 F.2d 683 (1983) (per curiam)). The Pikes contend that the NFIA's requirements create a fiduciary duty, *see* DE 47 at 8–9, but *Guyton* concluded that a lender's statutory obligations under the NFIA cannot be relied on "as establishing the required legal standard for the purposes of a [borrower's] state law claim," *see* 199 N.C. App at 40–42, 681 S.E.2d at 474–475. Instead, borrowers must plead an independent state law cause of action "rest[ing] on a legal duty arising under one or more provisions of state

14

law totally independent of 42 U.S.C. § 4104a(a)(1)." *See Guyton*, 199 N.C. App. at 42, 681 S.E.2d at 475.

Finally, the same justified reliance requirements apply even if Wells Fargo owed the Pikes such a duty to accurately convey their property's flood zone status. The Pikes allege that Wells Fargo represented to them that it would obtain an accurate SFHD as part of the closing process, *see* DE 1-1 ¶ 10, but claims based on circumstances showing extracontractual duties still require adequate allegations of justified reliance, *see Arnesen*, 368 N.C. at 449, 781 S.E.2d at 8. The Pikes also allege that Wells Fargo owed them duties under North Carolina's statutory protections for mortgagors. *See* DE 1-1 ¶ 34 (citing N.C. Gen. Stat. 53-243.11); DE 47 at 9 (citing N.C. Gen. Stat. 53-243.11(8)). But borrowers' failures to establish justified reliance have defeated similar negligent misrepresentation claims brought based on duties under both the Mortgage Lending Act,[3] *see Fazzari*, 235 N.C. App. at 243, 762 S.E.2d at 243, and its successor statute the North Carolina Secure and Fair Enforcement (S.A.F.E.) Mortgage Licensing Act,[4] *see Cordaro*, 260 N.C. App. at 34, 37, 817 S.E.2d at 254, 255 ("Even assuming—without deciding—that the SAFE Act can serve as the source of a legal duty owed by a lender to a borrower in the residential loan context, Cordaro is still required to have properly alleged justifiable reliance . . . .").

In sum, the Pikes' complaint fails to adequately allege a necessary element of their negligent misrepresentation claim. The Pikes' reliance must be justified, but they have not alleged that they independently investigated Wells Fargo's misrepresentation or that they were prevented from doing so as North Carolina law requires. The Pikes cannot plead around these requirements

---

[3] N.C. Gen. Stat. § 53-243.01, et seq., repealed by 2009 N.C. Sess. Law 374, sec. 1 (effective July 31, 2009).

[4] N.C. Gen. Stat. § 53-244.010, et seq.

by alleging Wells Fargo's superior knowledge, Wells Fargo's obligations under the NFIA, or any duty Wells Fargo may have owed them. They have thus failed to state a claim on which relief may be granted.

## IV. Conclusion

After reconsidering its prior order, the court holds that the Pikes' negligent misrepresentation claim can also be decided as a matter of law. The Pikes must adequately allege justified reliance to state a claim. They have not done so. Thus, the court GRANTS Wells Fargo's motion for judgment on the pleadings [DE 41] and DISMISSES WITHOUT PREJUDICE the Pikes' negligent misrepresentation claim.

SO ORDERED this 21st day of April, 2022.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE